*367
 
 Jones, J.,
 

 dissenting. Judge Day and I deem it our duty to explain our noneoncurrence with the syllabus or in the judgment. The right of way sections of our Ohio Code are based upon their practical application, and upon past experience derived from the operation of automobiles over our highways.
 

 Harrison avenue was a main thoroughfare running substantially north and south, and was occupied by a double-track street railway. Kling avenue was a narrower street entering Harrison avenue from the east, and there dead-ending. The one-ton truck of the defendant was being driven southwardly on Harrison avenue, while the plaintiff’s Paige car was being driven westerly on Kling avenue. The vehicle of the defendant (the Ford truck) was approaching this intersection from the Paige car’s right. Section 6310-28a, General Code, provides that “the operator of a vehicle shall yield the right of way at the intersection of its path and the path of another vehicle to the vehicle approaching from the right.” Under this section it became incumbent upon the driver of the Paige car to yield the right of way to the vehicle which was approaching from his right. Under the section immediately preceding, Section 6310-28, General Code, this right of way is defined as meaning “the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path.” Under these two cognate statutes the defendant’s Ford truck, if proceeding in a lawful manner, had the unrestricted right of way upon the main highway as against a vehicle ap
 
 *368
 
 proaching from its left. The vice contained in the syllabus lies in the statement that, although the right of way was yielded to the driver of the Ford truck, by the statute, he was nevertheless bound to exercise the common-law duty of ordinary care. The application of that rule to the instant case relegates the driver of the Ford truck to the same duties as would arise if no statute existed; it deprives him of the advantage of the statute giving him the uninterrupted right of way; it permits the plaintiff to violate the law with impunity, and places both drivers on an equal plane by requiring ordinary care where their paths converge; it emasculates the statute, and requires the defendant, in such a situation, to exercise ordinary care under the rules of the common law, although he may be driving on the main highway in a lawful manner. If the truck were driven in an “unlawful manner” (Section 6310-28, General Code), then, not being within the pale of the statute, such unlawful driving would be negligence per
 
 se,
 
 and in that event the question to be submitted to the jury would be whether such infraction of the law by the defendant was the sole and proximate cause of the collision.
 

 The special charge requested by the defendant and given by the court was given in the language of the statute, and was based upon the defendant’s theory of the case; the defendant was not bound to amplify the charge by anticipation of what the plaintiff’s theory might be, or to cover the proof claimed to have been established by the plaintiff. The latter could well have requested the court to charge the jury that the statute yielding the right of way to the defendant would not relieve defendant
 
 *369
 
 from liability if the jury found that its unlawful speed was the proximate cause of the collision.
 

 There is another cogent reason why the verdict should be sustained and the trial court’s judgment affirmed. The plaintiff’s amended petition alleged that defendant’s servant was driving at a speed greater than 25 miles per hour in violation of Section 12603, General Code. Both parties asked for a special request to be given before argument, and the court gave them both. The special request of the defendant has already been alluded to. The special request of the plaintiff contained the provisions of Section 12603, General Code, and was read by the court to the jury. This section relates to the speed of automobiles within and without municipalities, and in connection with that section the court explicitly advised the jury that, if the defendant operated the truck “at a greater speed than is lawful,” and in violation of law, at the time and place in question, such operation was negligence as a matter of law, and that, if such violation proximately caused plaintiff’s injuries, plaintiff would be entitled to recover if he himself were not guilty of negligence proximately contributing to his injury. It is therefore self-evident that, by the two special-requests given before argument, one for the plaintiff and one for the defendant, the court covered the statutory law applying to the parties at the time when their vehicles approached the converging paths. It ill becomes the plaintiff, who specially requested and had read to the jury Section 12603, General Code, fixing liability for unlawful driving upon the defendant, now to complain that the court erred in giving the defendant’s request to the jury,
 
 *370
 
 embodying the terms of Section 6310-28a, G-eneral Code, yielding the right of way to the driver of the truck “approaching from the right.” In view of these two requests, both given before argument, it cannot be said that the defendant was given an absolute and unqualified right of way at the time, for the court explicitly advised the jury before argument that, if the defendant violated the law as to speed, it was negligence as a matter of law, and the defendant was liable if such unlawful driving proximately caused the injury. On the one hand, in defendant’s request, the court charged that, if the plaintiff failed to yield the right of way, and such failure contributed to his injury, he could not recover; on the other hand, in plaintiff’s request, the court charged that, if the defendant violated the speed laws, and such violation proximately caused plaintiff’s injury, the plaintiff would be entitled to recover. We think that the jury were fully advised as to the legal rights of the parties upon those two vital issues of the case; and the jury found,-as shown by the general verdict, in favor of the defendant upon both issues, and must have found in defendant’s favor upon the issue contained in the special request of the plaintiff, that the defendant was not violating the speed laws at the time of the injury. If the driver of the truck was not driving in violation of law, he was entitled to the right of way, and, if plaintiff violated the law in not yielding the right of way, he was guilty of negligence
 
 per se
 
 and no liability could arise upon the part of the defendant except in case of wanton or gross negligence, or of negligence on defendant’s part after its discovery and appreciation, in sufficient time to avoid injuring
 
 *371
 
 him, of the perilous situation in which the plaintiff had placed himself. However, such a situation was neither pleaded nor charged.
 

 Day, J., concurs in this dissenting opinion.